IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HCPERF HOLDINGS B.V., § § *Plaintiff,* § § v. § § GD DEVELOPMENT CORPORATION § and OIL STATES INTERNATIONAL, § INC., § § *Defendants*. § § | CIVIL ACTION NO. 4:20-cv-2969 |

## ORIGINAL COMPLAINT

Plaintiff HCperf Holdings B.V. (formerly GEODynamics B.V.) ("HCperf") files this Original Complaint against Defendants GD Development Corporation ("GD Development") and Oil States International, Inc. ("Oil States"), and alleges as follows:

### I. INTRODUCTION

1. This breach of contract suit is brought to enforce the terms of a Stock Purchase Agreement (the "Agreement"), dated December 12, 2017, among HCperf, GD Development, Oil States and certain shareholders of HCperf, and related Promissory Note in favor of HCperf made by GD Development and guaranteed by Oil States, through which Plaintiff HCperf sold and transferred ownership of the shares of its former subsidiary GEODynamics, Inc. (the "Company") to Defendant GD Development and its parent company Oil States (the "Transaction").

2. As part of the Agreement, GD Development issued a note to HCperf, guaranteed by Oil States, in the amount of $25,000,000, plus interest. That note became due as of July 12, 2019. Yet to date, Defendants have refused to pay Plaintiff what it is rightfully and undisputedly owed under the terms of the note.

1

3. Additionally, the Agreement obligated Defendants to pay to HCperf any tax refunds Defendants received on behalf of the Company attributable to any periods prior to the closing date of the Transaction. Recently, on information and belief, Defendants received such a tax refund attributable to periods prior to the closing date. However, Defendants have again refused to pay Plaintiff what it is rightfully and undisputedly owed under the terms of the Agreement.

4. Defendants have indicated that the acquisition of the Company has not performed in line with their expectations. The benefit of hindsight provides no excuse for their evasion of their legal obligations and disregards the parties' bargained for Agreement

5. HCperf therefore brings this action to recover its breach of contract damages and seeks all other relief to which it is entitled.

## II. PARTIES

6. Plaintiff HCperf is a Netherlands private limited liability company with its principal offices located at Prins Bernhardplein 200, Amsterdam, 1097 JB Netherlands.

7. Defendant GD Development is a Delaware corporation with its principal offices located at 333 Clay Street, Suite 4620, Houston, Texas 77002. GD Development can be served through its registered agent: Capitol Services, Inc., 1675 S. State Street, Suite B, Dover, Delaware 19901. GD Development is a wholly-owned subsidiary of Oil States International, Inc.

8. Defendant Oil States is a Delaware corporation with its principal offices located at 333 Clay Street, Suite 4620, Houston, Texas 77002. Oil States can be served through its registered agent: Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701. Oil States is the parent company of GD Development.

## III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because

there is complete diversity between the Plaintiff and Defendants and the amount in controversy exceeds $75,000.

10. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this district and all or a substantial part of the events giving rise to the claim occurred in this district.

11. Additionally, the Agreement which is partially the subject of this dispute contains a provision wherein each of the Parties submit to the jurisdiction of the courts of the Southern District of Texas in any proceeding arising out of or relating to the Agreement.

### IV.   FACTUAL BACKGROUND

**A.   The Promissory Note**

12. On December 12, 2017, HCperf (the "Seller"), along with its shareholders and certain other affiliated parties, entered into the Agreement with GD Development (the "Buyer") and Oil States (the "Buyer Parent") to sell 100% of the issued and outstanding Capital Stock (the "Shares") of the Company to Buyer for due consideration and at the purchase price described in the Agreement.  A copy of the Agreement is attached to this Complaint as **Exhibit A**. The Transaction closed on January 12, 2018 (the "Closing Date").

13. As part of the total consideration for the Shares, Buyer agreed to issue to Seller an unsecured promissory note in the principal sum of $25,000,000 ("Seller's Note"), a form of which was attached to the Agreement as Exhibit F.  *See* Exhibit A, SPA §§ 1.2, 1.5, 1.6, 4.18.

14. On the Closing Date, pursuant to the terms of the Agreement, GD Development and Oil States executed the Seller's Note, whereby for value received GD Development promised to pay HCperf $25,000,000, plus interest, on the terms set forth in the note.  A copy of the Seller's Note is attached to this Complaint as **Exhibit B.**

15. Under the terms of the Seller's Note, the principal amount of the note and all accrued and unpaid interest is due and payable in full in one installment payment on July 12, 2019, 18 months from the Closing Date. Exhibit B, Note § 1. Except in the event of a default, interest accrues on the outstanding principal amount at the rate of 2.5% per annum. *Id.*

16. The Seller's Note provides that failure to pay the note when it becomes due constitutes an Event of Default. *Id.* § 5. Upon the occurrence of an Event of Default, the principal amount of the note and all accrued interest at once becomes due and payable, and during the Event of Default the note bears interest at the total rate of 4.5% per annum. *See id.*

17. The Seller's Note constitutes a valid and legally binding obligation of the Buyer, enforceable against the Buyer in accordance with its terms. Exhibit A, SPA § 4.18.

18. Performance of the Buyer's obligations under the Seller's Note is unconditionally and irrevocably guaranteed by the Buyer Parent. *Id.* § 9.17.

19. Although the Seller's Note became due and payable in full on July 12, 2019, to date GD Development and Oil States have failed to pay HCperf the amounts undisputedly owed under the Seller's Note.

20. As of the date of filing, $25,000,000 is outstanding in principal. Additional amounts are outstanding arising from interest on the note from the date of its execution to its maturity date at a rate of 2.5% per annum, and from the maturity date until the date the obligation is satisfied at a rate of 4.5% per annum.

**B.     The tax refund obligation**

21. Additionally, the Agreement includes a provision requiring the Buyer to pay to Seller any refunds of federal, state, local, and foreign tax of the Company or its subsidiaries received by the Buyer parties or the Company and its subsidiaries attributable to the period prior

to the Closing Date of the Agreement, i.e., January 12, 2018. Specifically, Section 5.10(d) provides:

> The amount or economic benefit of any refund (whether in cash or as a credit against or offset to any Tax) of any Tax of the Acquired Entities [i.e., the Company and its direct and indirect Subsidiaries] attributable to any Pre-Closing Tax Period received by the Buyer, any Acquired Entity, or any of their respective Affiliates, but only if and to the extent such refund of Taxes exceeds the amount, if any, taken into account in the final and binding Closing Working Capital, shall be for the account of the Seller.

Exhibit A, SPA § 5.10(d). Any such amount, including any interest received thereon, is to be paid by the Buyer to the Seller within five days after any such refund is received, credited, or applied as an offset. *Id.*

22. Section 5.10(d) of the Agreement constitutes a valid and legally binding obligation of the Buyer, enforceable against the Buyer in accordance with the terms of the Agreement.

23. Performance of the Buyer's obligations under the Agreement, including its obligations under Section 5.10(d), is unconditionally and irrevocably guaranteed by the Buyer Parent. *Id.* § 9.17.

24. On information and belief, Oil States has recently received a tax refund of approximately $19,000,000, attributable to certain Net Operating Losses generated by the Company for periods prior to the Closing Date, January 12, 2018, which amount exceeds, in its entirety, the amount taken into account in the final and binding Closing Working Capital (as defined in the Agreement). On information and belief, Oil States expects to receive an additional tax refund of approximately $2,500,000 also attributable to the period prior to January 12, 2018.

25. Accordingly, the Company has received a refund of a Tax attributable to the pre-Closing Date period, and under Agreement Section 5.10(d) GD Development is obligated to pay HCperf the amount or economic benefit of the refund within five days of receiving the same.

26. However, to date, GD Development, as Buyer, and Oil States, as Buyer's guarantor, have failed to pay HCperf the amount owed, though payment was due five days after the tax benefit was received.

27. As of the date of filing, on information and belief, approximately $19,000,000 is outstanding in principal. Interest on the principal is also accruing and owed.

## V.    CAUSES OF ACTION

### Count One—Breach of Promissory Note

28. HCperf realleges and incorporates by reference the allegations set forth in the above paragraphs.

29. The Seller's Note is a valid enforceable contract between HCperf, on the one hand, GD Development and Oil States, on the other hand.

30. HCperf has performed according to the terms of the contract and all conditions precedent have been met.

31. GD Development has breached the Seller's Note by failing to make payment on the amounts that were immediately due and payable on July 12, 2019, 18 months after the Closing Date as defined by the Agreement.

32. As a result of GD Development's breach, HCperf has suffered damages in excess of $25,000,000.

### Count Two—Breach of Guaranty (Promissory Note)

33. HCperf realleges and incorporates by reference the allegations set forth in the above paragraphs.

34. The Seller's Note is a valid enforceable contract between HCperf, on the one hand, and GD Development and Oil States, on the other hand.

35. HCperf has performed according to the terms of the contract and all conditions

precedent have been met.

36. Oil States has breached its Guaranty under Section 9 of the Seller's Note, in which it unconditionally and irrevocably guarantees to the Seller the performance in full by the Buyer of the obligations of the Buyer under the Seller's Note, by failing to cure GD Development's breach of the Seller's Note and failing to make payment to HCperf on amounts immediately due and payable under the Seller's Note.

37. As a result of Oil States' breach, HCperf has suffered damages in excess of $25,000,000.

### Count Three—Breach of Contract

38. HCperf realleges and incorporates by reference the allegations set forth in the above paragraphs.

39. The Agreement is a valid enforceable contract between HCperf, on the one hand, and GD Development and Oil States, on the other hand.

40. HCperf has performed according to the terms of the contract and all conditions precedent have been met.

41. GD Development has breached the Section 5.10(d) of the Agreement by failing to pay the amount of the tax refund received by Oil States attributable to pre-Closing Date periods, including any interest received thereon, to HCperf within five days after such refund was received, credited or applied as an offset.

42. As a result of GD Development's breach, HCperf has suffered damages in excess of $19,000,000.

### Count Four—Breach of Guaranty (Tax Refund)

43. HCperf realleges and incorporates by reference the allegations set forth in the above paragraphs.

44. The Agreement is a valid enforceable contract between HCperf and Oil States.

45. HCperf has performed according to the terms of the contract and all conditions precedent have been met.

46. Oil States has breached its Guaranty under the Agreement, in which it unconditionally and irrevocably guarantees to the Seller the performance in full by the Buyer of the obligations of the Buyer under the Agreement, by failing to cure GD Development's breach of Section 5.10(d) of the Agreement and failing to make payment to HCperf on amounts immediately due and payable under Section 5.10(d) of the Agreement.

47. As a result of Oil States' breach, HCperf has suffered damages in excess of $19,000,000.

## VI.   ATTORNEYS' FEES & COSTS

48. HCperf realleges and incorporates by reference the allegations set forth in the above paragraphs.

49. HCperf is entitled to recover its attorneys' fees from Defendants pursuant to the provisions of Section 38.001 *et seq*. of the Texas Civil Practice and Remedies Code and sues for its reasonable and necessary attorneys' fees.

## VII.   PRAYER

For the foregoing reasons, Plaintiff HCperf Holdings B.V. asks for judgment against the Defendants for all amounts owed under the Seller's Note and the Agreement, plus interest; for its attorneys' fees incurred; and for pre- and post-judgment interest, costs of court, and all other relief to which it may be justly entitled.

| | |
|---|---|
| Dated August 24, 2020 | Respectfully submitted,<br><br>**BAKER BOTTS L.L.P.**<br><br>*/s/ David. D. Sterling*<br>David D. Sterling<br>*Attorney-In-Charge*<br>Texas Bar No. 19170000<br>Margaret Wittenmyer<br>Texas Bar No. 24106593<br>910 Louisiana St.<br>Houston, Texas 77002<br>Tel: (713) 229-1946<br>Fax: (713) 229-7946<br>david.sterling@bakerbotts.com<br>margaret.wittenmyer@bakerbotts.com<br><br>ATTORNEYS FOR PLAINTIFF<br>HCPERF HOLDINGS B.V. |